IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DERRICK VAN HODGES #14913-078 | § | |
| v. | § | CIVIL ACTION NO. 6:12cv322 |
| | | Crim. No. 6:07cr90 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Derrick Van Hodges, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hodges and his half-brother Paul Thomas were jointly tried and convicted by a jury for their roles in several bank robberies. Hodges received a sentence of 1,392 months in prison. His conviction was affirmed by the Fifth Circuit Court of Appeals on November 24, 2010, and a request for a writ of certiorari was denied by the U.S. Supreme Court. United States v. Thomas, 627 F.3d 136 (5th Cir. 2010), *cert. denied sub nom* Hodges v. United States, 131 S.Ct. 2466 (2011).

In his Section 2255 motion, Hodges complained that he received ineffective assistance of counsel in a number of particulars. He also raised five claims in a memorandum of law which repeated the assertions he had made on direct appeal. The Magistrate Judge ordered the Government to respond to Hodges' motion, and Hodges filed a reply and a supplemental reply to the Government's answer.

1

After review of the pleadings and court records, the Magistrate Judge issued a Report recommending that Hodges' motion to vacate or correct sentence be denied. The Magistrate Judge first observed that Hodges' claims of failure to investigate lacked merit because Hodges failed to show what an investigation would have revealed, or how such information would have altered the outcome of the trial. Similarly, the Magistrate Judge stated that Hodges did not show that his Miranda rights were violated and set out no basis for a challenge to the jury instructions, and that Hodges complained that his attorney failed to file a motion for a Daubert hearing but that such a motion had in fact been filed.

With regard to Hodges' assertions that counsel failed to call various witnesses, the Magistrate Judge noted that under Fifth Circuit precedent, a movant raising such a claim must show that the witness' testimony would have been favorable and that the witness would have testified at trial. Hodges only furnished one affidavit from a witness whom he says that counsel should have called, Karla Gardner, but this affidavit failed to show that Gardner would have testified at trial had she been called. In addition, the Magistrate Judge said, Hodges failed to show that even had Gardner testified, the result of the proceeding would probably have been different.

Although Hodges complained that counsel was ineffective for failing to allow him to testify, the Magistrate Judge noted that Hodges had testified at trial, outside the presence of the jury, that he wished to remain silent. Finally, with regard to the claims in his memorandum of law, the Magistrate Judge stated that these claims were barred by the statute of limitations and that they lacked merit in any event because they repeated the claims which he raised on direct appeal and are thus foreclosed from consideration in a Section 2255 proceeding. The Magistrate Judge therefore recommended that Hodges' motion to vacate be denied and that Hodges be denied a certificate of appealability *sua sponte*.

Hodges filed objections to the Magistrate Judge's Report on January 22, 2013. In his objections, Hodges states first that he makes a "running objection to all of the findings in the R&R." Following this, he contends that "trial counsel's failure to conduct a thorough investigation into the

facts of the case and to interview most of the alibi witnesses that Hodges provided him well in advance of trial was deficient performance." He says that had counsel interviewed these witnesses, he could have called them at trial, adding that "these witnesses could have been extremely helpful to the jury in deciding if Hodges was actually one of the bank robbers." He goes on to state as follows:

> They would have testified to the fact that they never told the authorities that Hodges matched one of the bank robbers or dealt in drugs. At a minimum, trial counsel could have called the same witnesses that provided his brother, Paul Thomas ("Thomas") with sworn affidavits about several men that stated they were involved in the bank robberies that Hodges and Thomas were accused of committing. For example, witnesses such as Tanya Hulett ("Hulett"), a former girlfriend of James Earl Williams ("Williams") and a close friend of Billy Dee Jackson ("Jackson") could have testified on Hodges' behalf. She was questioned by police investigators and shown photographs of the alleged bank robbers. She reviewed the bank robbery photos of current and previous bank robberies and stated that Jackson had a leather jacket just like the one in the photos and similar shoes like the robber was wearing during the Bank of America robbery in Henderson.
>
> Hulett also told the investigators that she had seen Jackson with an SKS assault rifle and a banana style magazine. She stated that Jackson told her that he had driven the getaway car after the robbery. Had trial counsel called Hulett, reasonable doubt would have been raised as to the identity of the bank robbers and could have changed the outcome of the proceeding.
>
> Further, Sabrian Alexander ("Alexander") stated to Hulett that he, Jimmy Mallard, Raythell Mallard and Clarence Jones were going to do some bank robberies and that they had scouted out Citizens National Bank in Tatum.
>
> During an interview, Williams had initially been hesitant to provide any information, but later stated that Jackson had asked him to participate in the robbery at Citizens National Bank. Williams was also able to identify Jackson from a photo lineup. Finally, Williams stated that Jackson had told him about numerous other bank robberies that he had participated in throughout the State of Texas.

Hodges goes on to argue that counsel's failure to investigate, interview, and call these witnesses was ineffective and cannot in any way be attributed to trial strategy. He states that these witnesses were known to the Government and to defense counsel and should have been called as witnesses, and are still available to testify at an evidentiary hearing.

A review of the Section 2255 motion filed by Thomas does not reveal affidavits from Hulett, Jackson, Williams, or Alexander, nor has Hodges supplied any such affidavits. Although Hodges

says that these individuals gave statements, he fails to indicate when or where these alleged statements were made, or to whom. Thomas did provide, for the first time in his reply brief, affidavits from persons named Corinne Campbell and Tamika Campbell, which affidavits simply state that they had not contacted the FBI nor personally seen Thomas break the law; neither of these affidavits mention Hodges, nor do they show that the affiants would have testified at trial. Hodges' allegations are wholly insufficient to show that the Magistrate Judge erred in recommending that relief be denied. *See* United States v. London, 568 F.3d 553, 562 and n.7 (5th Cir. 2009) (noting that to prevail on a claim involving counsel's failure to call witnesses, the movant must show that the witness' testimony would have been favorable and that the witness would have testified at trial); *accord*, White v. Johnson, 111 F.3d 892, 1997 WL 156829 (5th Cir., March 21, 1997) (allegations from a habeas petitioner about what uncalled witnesses would have testified to were conclusory); Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (where the only evidence of an uncalled witness' testimony is from the petitioner, claims of ineffective assistance must be viewed with "great caution.")

Other than his claim that counsel failed to investigate and call alleged alibi witnesses, Hodges did not raise any other specific objections to the proposed findings and conclusions of the Magistrate Judge. His general "running objection to all of the proposed findings" is not sufficient. *See* Rule 72(b)(2), Fed. R. Civ. P. (stating that within 14 days after being served with a copy of the recommended disposition, a party may serve and file "specific written objections" to the proposed findings and recommendations); McClure v. Texas Department of Criminal Justice, 459 Fed.Appx. 348, 2012 WL 177369 (5th Cir., January 20, 2012) (failure to file specific objections meant that appellate review was limited to plain error), *citing* Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*). Hodges is thus barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of those factual findings and legal conclusions accepted and adopted by the district court to which he did not file specific objections, which includes all of

4

his contentions except for his claim that he received ineffective assistance of counsel in that counsel failed to investigate and call alleged alibi witnesses.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct in its entirety and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 17) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence is hereby DISMISSED with prejudice. It is further

ORDERED that the Movant Derrick Van Hodges is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 24th day of January, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE